UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY E. DAVIS and WENDY
L. DAVIS,

       Plaintiffs,

v.

       Case No. 5:06-CV-69

       HON. GORDON J. QUIST

WEXFORD-MISSAUKEE COUNTY
F.I.A., et al.,

       Defendants.

_____/

## OPINION

Plaintiffs, Rodney E. Davis and Wendy L. Davis (the "Davises"), acting *pro se*, have filed a complaint against the Michigan Family Independence Agency ("FIA") for Wexford-Missaukee County and the Tennessee Department of Children's Services ("TDCS"). Although the docket report indicates that the Davises have also sued several individual defendants, the Court determines, based upon its review of the complaint, that the Davies did not intend to name those individuals as parties but, instead, mentioned them in their complaint only as part of their factual allegations relating to the child custody hearing in Mt. Pleasant, Tennessee on September 7, 2005, and those individuals' investigations of child neglect prior to the September 7, 2005, hearing. As the Court understands it, the Davises seek an order transferring custody of their children, M.D. and C.S., from the TDCS to the FIA. In their complaint filed on May 2, 2006, the Davises request an order granting "emergency coustidy (sic) of the state of MI for our children for visit in Oakland Co. MI not (TN) 750 miles away for just 2 hr." (Compl. at 11.) The Davises have also filed a motion for emergency temporary custody.

On May 5, 2006, the magistrate judge issued an order granting the Davises leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read the Davises' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept their allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below, the Court concludes that the Davises' complaint must be dismissed as required by § 1915(e)(2) because it fails to state a claim and seeks relief from a defendant immune from such relief and, upon the separate ground, that the Court lacks subject matter jurisdiction under the domestic relations exception.

First, the Davises' complaint fails to state a claim upon which relief may be granted. An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2 Moore's Federal Practice, ¶ 12.34[1][b] (Matthew Bender 3d ed. 2003). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

In reviewing the complaint, the Court notes that while the Davises seek only injunctive relief against two state agencies, they fail to cite any state or federal law that would authorize this Court

2

to grant injunctive relief. That is, even giving the Davises the benefit of the doubt as *pro se* plaintiffs, they do not allege that either Defendant has violated any federal or state law or that any federal or state law entitles them to injunctive relief. Thus, the Davises' complaint fails to state a claim under Rule 12(b)(6).

Second, the Davises' complaint must be dismissed because the FIA and the TDCS are entitled to Eleventh Amendment immunity. Pursuant to the Eleventh Amendment, states and their agencies are immune from suit for both damages and injunctive relief. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58, 116 S. Ct. 1114, 1124 (1996) (stating that "the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) (stating that "this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State"); *Marine Mgmt., Inc. v. Commonwealth of Ky.*, 723 F.2d 13, 14 (6th Cir. 1983) (per curiam) ("The Amendment has been interpreted to preclude suit against a state by a citizen of that state, in addition to the express prohibition against suits by citizens of another state.") (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504 (1890)). The three exceptions to this rule are: (1) where Congress has explicitly abrogated the states' immunity in a statute passed pursuant to § 5 of the Fourteenth Amendment; (2) where a state has expressly consented to suit in federal court; and (3) where the plaintiff is suing a state official for prospective injunctive relief in order to protect a constitutional right. *See Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002). The FIA and the TDCS are both state agencies entitled to Eleventh Amendment immunity. *See Hodge v. United States Postal Serv.*, No. 99-2114, 2000 WL 1257246, at *2 (6th Cir. July 11, 2000) (holding that the district court properly dismissed the plaintiff's complaint against various Michigan agencies, including the FIA, on the basis of Eleventh

3

Amendment immunity); *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that the TDCS was a state agency entitled to Eleventh Amendment immunity). Moreover, none of the exceptions to immunity cited above applies in this case.

Finally, the Court must decline jurisdiction over this case pursuant to the domestic relations exception. *See Catz v/ Chalker*, 142 F.3d 279, 290 (6th Cir. 1998). Long ago, the Supreme Court observed: "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94, 10 S. Ct. 850, 853 (1890). More recently, in *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S. Ct. 2206 (1992), the Supreme Court specifically reaffirmed the domestic relations exception to federal jurisdiction, noting that it "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Id.* at 703, 112 S. Ct. at 2215. Here, the Davises are asking this Court to issue an order directly affecting a pending child custody matter. The requested relief falls squarely into the domestic relations exception. *See Mensah v. St. Joseph County Family Independent Agency*, No. 98-1726, 1999 WL 623733, at *2 (6th Cir. Aug. 11, 1999) ("While Mensah attempts to assert a civil rights claim, his complaint clearly questions the underlying domestic relations issues by challenging the family court order granting temporary custody of his children to the FIA and specifically requesting the court to award custody of his children to him.").

Therefore, the Court will dismiss the Davises' complaint.

An Order Consistent with this Opinion will be entered.

Dated: June 12, 2006                                             /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE